[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION STATEMENT OF THE CASE
The plaintiff, City of New Haven, hereinafter "City", appeals from a decision of the defendant, Commissioner of Income Maintenance, hereinafter "Commissioner", in which the Commissioner denied the City's application for general assistance reimbursement. The Connecticut Department of Income Maintenance ("Department"), is also a defendant.
The City incurred the expenses for which it seeks reimbursement as a result c f this court's decision in Hilton, et al v. New Haven, CV-89-043165, New Haven Superior Court, affirmed233 Conn. 701 (1995). That decision ordered the City to provide "support" in the form of emergency shelter to homeless persons.
 FACTS
On March 8, 1990, the City filed a General Assistance Report and Reimbursement Form for the period of July 1, 1989 through December 31, 1989, which include emergency shelter expenditures. The Commissioner informed the City by letter, date April 4, 1990, that the Department was "processing payment for all of the expenditures claimed, with the exception of $588,188.13 billed for emergency, shelter services." By letter dated April 23, 1990, the City requested a "fair hearing." The "fair hearing" was held on June 12, 1990. The Hearing Officer recommended that the City's request for. reimbursement be denied in a proposed decision dated September 19, 1990.
The Commissioner determined that the request for reimbursement failed to comply with a number of the Department's regulations. Accordingly, the Commissioner denied the request, setting forth the reasons for her denial.
The Commissioner notified the City of the decision by letter dated September 25, 1990, and the City announced an appeal CT Page 10191 to the Superior Court from the denial of the; request of for reimbursement on November 9, 1990.
The parties agreed that this matter should be deferred until a final decision was reached on Hilton, supra, and a related case.
 DISCUSSION I JURISDICTION A. Aggrievement:
The plaintiff is proceeding under § 17-2b(b) which provides, in pertinent part, that "the applicant for a fair hearing, if aggrieved, may appeal therefrom in accordance with § 4-183."
"Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal." (Internal quotation marks omitted.)MedTrans Inc. v. Dept. of Public Health Addiction Services,242 Conn. 152, 158, 699 A.2d 142 (1997). "[T]he fundamental test for determining aggrievement encompasses a well-settled two fold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." (Internal quotation marks omitted.) Id., 158-59.
The court finds that the City has satisfied the aggrievement test as it has a specific interest which has been specially and injuriously affected by the Commissioner's decision The City alleges that it is "a municipality organized and existing under the Constitution and laws of the State of Connecticut, "and that the Department is "agency of the State [that] is required by law to . . . reimburse municipalities for certain expenses incurred by such municipalities for assistance to individuals located in the respective municipalities." The City also alleges it is aggrieved in that the Commissioner's decision to deny the City's request for reimbursement for emergency shelter services provided CT Page 10192 to individuals in the City was in violation of constitutional and statutory provisions; in excess of the Department's statutory authority; made upon unlawful procedure; affected by error of law; clearly erroneous; and arbitrary, capricious and an abuse of discretion.
 B. Timelines:
"A final decision in a contested case shall be in writing . . . and, if adverse to party, shall include the agency's findings of fact and conclusions of law necessary to its decision. . . . The final decision shall be delivered promptly to each party or his authorized representative, personally or by United States mail, certified or registered, postage prepaid, return receipt requested." General Statutes (Rev. to 1989) § 4-180 (c).
"Within forty-five days after mailing of the final decision under section 4-180 . . . a person appealing . . . shall serve a copy of the appeal on the agency that rendered the final decision is office or at the office of the attorney general in Hartford and file the appeal with the clerk of the superior court . . . for the judicial district wherein the person appealing resides." General Statutes (Rev. to 1989) § 4-183(c). "Service of the appeal shall be made by . . . personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary civil actions." General Statutes (Rev. to 1989) § 4-183(c).
The record reflects the following: The Commissioner rendered a final written decision on September 25, 1990, which contained findings of fact and conclusions of law, and mailed it to the City on the same date. On November 9, 1990, the City commenced the appeal by service of process of a copy of the appeal on the Department, the Commissioner, the Hearing Officer, and the Attorney General. Finally, the appeal was filed with Superior Court for the judicial district of New Haven in the form of a summons and complaint on November 9, 1990.
It is therefore found that the appeal was commenced in a timely manner by service of process upon the proper parties.
 II SCOPE OF REVIEW ON APPEAL
CT Page 10193
"Judicial review of an agency decision is limited." Burinskasv. Dept. of Social Services, 240 Conn. 141, 146, 691 A.2d 586
(1997). "[T]he trial court may [not] retry the case or substitute its own judgment for mat of me administrative agency on the weight of the evidence or questions of fact." Dolgner v. Alander,237 Conn. 272, 280, 676 A.2d 865 (1996). "[W]hen challenging an administrative agency action, the plaintiff has the burden of proof." (Internal quotation marks omitted.) Newton v. Keeney,234 Conn. 312, 319, 661 A.2d 589 (1995).
"The court shall not substitute its judgment for that of me agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal." General Statutes (Rev. to 1998) § 4-183(j).
 III THE APPEAL A. Whether the Commissioner's decision was in violation of statutory authority or made upon unlawful procedure.
The City argues that the legislative history for a 1953 amendment to General Statutes § 17-292 establishes that the Department bears the responsibility of reimbursing municipalities for a percentage of emergency shelter services provided for all needy persons, whether a general assistance recipient or not.
 § 17-292 (a) (Rev. to 1989) provides, in pertinent part, the following: "Each town. . . shall, unless such support is otherwise provided for by the state, furnish necessary support, subject to the provisions of sections 17-273 and 17-273b and subsection(a) of section 17-281a, to all paupers therein." Subsection(b) of General Statutes (Rev. to 1989) § 17-292 provides that "[a]t the end of each quarter, one of the selectmen or the public official charge with the administration of general assistance in each town shall send CT Page 10194 to the commissioner of income maintenance . . . a statement of the cost to such town of general assistance during such quarter."
The Department responds that it is unnecessary to examine the legislative history of General Statutes § 17-292 as the statute is clear and unambiguous. Alternatively, the Department maintains that the legislative history relied upon by the City is not controlling as it is merely a Committee Report; and that the City misconstrues the content of the Committee Report. Additionally, the Department responds that the regulations which provide for general assistance program requirements evidence a scheme which requires reimbursement to municipalities only upon proof of eligibility, cost and duration-of-stay requirements.
"[W]hen the language of a statute is plain an unambiguous, [the court] need look no further than the words themselves because [the court can] assume that the language expresses the legislature's intent. . . . When the language of a statute is unclear, [the court] may ascertain the intent of the legislature by looking beyond the language to that statute's legislative history and the purpose that the statute was intended to serve." (Citation omitted; internal quotation marks omitted.) Rizzo PoolCo. v. Del Grosso, 240 Conn. 58, 74, 689 A.2d 1097 (1997).
The language of General Statutes (Rev. to 1989) § 17-292 is clear and unambiguous. Subsection (a) orders a municipality to "furnish necessary support . . . to all paupers therein . . . if such individual has not made, within twenty-four months prior to the date of application for such aid, an assignment or transfer or other disposition of property for less than fair market value,for the purpose of establishing eligibility for benefits forassistance under this chapter." (Emphasis added.) General Statutes (Rev. to 1989) § 17-292. Subsection(b) provides for reimbursement by the Department to municipalities for "the cost to such town[s] of general assistance." (Emphasis added.) General Statutes (Rev. to 1989) § 17-292. Under this reimbursement statute, the legislature provided for reimbursement for general assistance expenditures only, not amounts that could not be attributed to the general assistance program. General Statutes (Rev. to 1989) § 17-292 did not contemplate the Department reimbursing municipalities for support provided to persons who were not recipients of general assistance. Given that General Statutes (Rev. to 1989) § 17-292 is clear and unambiguous, the court declines to consider the legislative history cited by the City. CT Page 10195
The Department does not have a statutory obligation pursuant to General Statutes (Rev. to 1989) § 17-292 to reimburse municipalities for a percentage of the support paid for persons who were not recipients of general assistance. Therefore, the City is not entitled to reimbursement for emergency shelter services expended for such persons from July 1, 1989 through December 31, 1989.
 B. Whether the Department's failure to examine the City's request for reimbursement on a case-by-case basis was in violation of the Department's guidelines.
The City argues that the Department may not, according to its regulations, "deny a request for reimbursement based upon failure to comply with reporting requirements." More specifically, the City argues that the Department "may withhold reimbursement, but in doing so must notify the municipality of additional information needed to comply with its standards of administration." Finally, the City maintains that the Department "may only adjust the amount of the total quarterly reimbursement in accordance with its audit procedures."
The Department responds that "[t]his clam was not raised at the administrative hearing, and cannot first be entertained on appeal." If this claim is an appropriate subject for appeal, the Department maintains that "the record establishes that at no point did the City present data to the Department upon which case-by-case determinations of valid emergency shelter services costs could be made."
At oral argument, this subject was discussed and the City conceded that it had promised such data but had never provided it to the Department. At no time did the City make any request to the court to receive additional evidence.
And, an examination of the record reveals the Department was receptive to supplemental filing of data which could support the expenditures made.
Additionally, the Department argues that the City failed to cite any statutory or regulatory authority for the proposition that the Department has the power to issue case-by-case determinations regarding valid emergency shelter expenditures. CT Page 10196
The court will not set aside an agency's determination upon a ground not theretofore fairly presented to its consideration because such action on [the court's] part would deprive the agency of an opportunity to consider the matter, make its ruling, an set forth the reasons for its action." Finkenstein v.Administrator, 192 Conn. 104, 114, 470 A.2d 1196 (1984). See alsoUpjohn Co. v. Planning Zoning Commissioner, 224 Conn. 82, 89,616 A.2d 786 (1992) (refusing to consider a claim on appeal that was not presented to the agency for consideration). The record reveals that the City did not raise this issue at the "fair hearing," nor in either of its briefs submitted after the "fair hearing" I to the Hearing Officer. Therefore, the court cannot address this claim as it was not properly presented to the Hearing Officer for consideration.
 C. Whether the Department erroneously concluded that, without prior approval for an extension, the City was not entitled to reimbursement for emergency shelter services provided in excess of the Department's 56 day policy.
The City argues that the Department's statutory obligation, to reimburse municipalities for emergency shelter expenditures "overrides" any Department regulation to the contrary. Additionally, the City maintains that the Department has, without justification, treated the City differently than other municipalities; and that the Department's "blanket denial" of reimbursement request for emergency shelter expenditures was an abuse of discretion.
The Department responds that "[b]eyond specific statutory discretion, General Assistance program requirements are, as a matter of state law, left to the regulatory initiatives of the Commissioner." According tot he Department, the regulations providing for general assistance program requirements evidence a scheme which requires reimbursement only upon proof of eligibility, cost and duration-of-stay requirements. Additionally, the Department responds that the court is without jurisdiction over the claim that the Department treated the City differently than other municipalities given that it was not raised at the administrative hearing.
First, as noted in section 1, supra, the Department did not have an obligation to reimburse municipalities for emergency shelter expenditures for persons who were not recipients of general assistance. As such, there exists no obligation to CT Page 10197 "override" any Department regulations to the contrary.
Second, the record reveals that the City did not raise the issue of the Department unjustifiably treating it differently than other municipalities at the "fair hearing," nor in either of its briefs submitted after the "fair hearing" to the Hearing Officer. Therefore. the court cannot address this issue as it was not properly presented to the Hearing Officer for consideration. See Upjohn Co. v. Planning Zoning Commission, supra,224 Conn. 89; Finkenstein v. Administrator, supra, 192 Conn. 114.
Third, the Department has been vested with the discretion to authorize emergency shelter services for general assistance recipients beyond the maximum limit of fifty-six nights per calendar year. General Statutes (Rev. to 1989) § 17-273d(a). The statute makes clear, however, that authorization must be obtained prior to a municipality providing emergency shelter services in excess of the statutory limit of fifty-six nights pers calendar year. General Statutes (Rev. to 1989) § 17-273d(a) (stating that "[w]ithout the authorization of the commissioner of income maintenance, emergency shelter services for general assistance recipient shall not exceed fifty-six nights of residenceper calendar year") (emphasis added). The record reflects that the City failed to obtain the Commissioner's authorization prior to providing emergency shelter services in excess of the statutory limit of fifty-six nights per calendar year. Additionally, the City fails to cite any authority granting the Department the discretion to waive the statutory fifty-six night limit on a case-by-case basis. In fact, the Commissioner noted in the final decision that section 17-3a-12 (G)(2) of the General Assistance Policy Manual "specifies that . . . [a]ny additional days [over the permitted fifty-six nights] require the prior written approval of the General Assistance Policy Unit." Therefore, the Department did not abuse its discretion by applying the statutory fifty-six night limit, and denying the City's reimbursement request for emergency shelter expenditures.
 D. Additional Grounds:
The City also addresses three somewhat related sub-issues. First, the City claims that the Commissioner drew an"erroneous conclusion" from a 1989 amendment to General Statutes § 17-273. The Commissioner, however, never reached a conclusion regarding the amendment, nor addressed the amendment's applicability to the City's reimbursement request. Rather, the Commissioner mentioned the amendment as part of a larger CT Page 10198 legislative scheme "ignored" by the City, and as evidencing an intent to provide support for general assistance recipients only. Therefore, the Commissioner did not draw an erroneous conclusion from the 1989 amendment to General Statutes § 17-273.
Second, the City claims that the Department had the discretion to reimburse more than 90% of the $14.00 per day allowance for emergency shelter services. The City, however, has failed to brief this issue adequately. It merely asserts that the Department has such discretion without citing any legal authority as the basis for this assertion. As such, the court cannot consider this sub-issue. See Commission on Human Rights Opportunities v. Truelove Maclean. Inc., 238 Conn. 337, 344
n. 11, 680 A.2d 1261 (1996) (stating that "[w]here an issue is merely mentioned, but not briefed beyond a bare assertion of the claim, it is deemed to have been waived") (internal quotation marks omitted); Harris v. Commissioner of Correction,40 Conn. App. 250, 261, 671 A.2d 359 (1996) (stating that "[t]he failure to brief an issue adequately constitutes abandonment of that issue").
Third, the City claims that the Commissioner makes an"inaccurate distinction" between the relief it seeks from the Department and the relief granted by the federal government to the State in Savage v. Aronson, 214 Conn. 256, 571 A.2d 696
(1990). In the final decision, the Commissioner made the following distinction between this case and Savage: "While both situations involve payments made in accordance with court orders, they bear no rational relationship to one another. The State has no authority to reimburse the City for these payments regardless of the payments that the federal government may have made to the State in a separate and unrelated case." To support its claim, the City argues that the legislative history for a 1953 amendment to General Statutes § 17-292 establishes an obligation on behalf of the Department to reimburse municipalities for a percentage of emergency shelter services provided to all needy persons. However, as noted "in Section III (A), supra, the Department does not have such an obligation to, municipalities. As such, the distinction made by the Commissioner between this case and Savage was not inaccurate. Additionally, the City tails to cite any legal authority as the source for the Department's discretion to grant the requested relief.
 CONCLUSION
CT Page 10199
This court is fully aware of the City's efforts during the times in question to adhere to the court's decision and does not question the claimed expenditures.
However, for the reasons noted and discussed above, the court concludes that this appeal must be dismissed.
Anthony V. DeMayo Judge Trial Referee