LEROY HARRIS *v.* COMMISSIONER OF CORRECTION
(12842)

O'Connell, Landau and Hennessy, Js.

Argued October 2, 1995—decision released February 6, 1996

*Christopher C. Sheehan,* deputy assistant public defender, with whom, on the brief, was *Paula Mangini Montonye,* assistant public defender, for the appellant (petitioner).

*Nancy L. Gillespie,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Christopher Alexy,* assistant state's attorney, for the appellee (respondent).

O'CONNELL, J. The petitioner appeals from the judgment of dismissal of his petition for a writ of habeas corpus. He claims that the habeas court improperly (1) denied his motion for a new habeas hearing, (2) denied his petition for certification to appeal the denial of his motion for a new habeas hearing, and (3) dismissed his

petition for a writ of habeas corpus. We affirm the judgment of the trial court.

The petitioner was convicted of three counts of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4) and one count of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1). The convictions were affirmed by this court in *State v. Harris*, 22 Conn. App. 329, 577 A.2d 1077 (1990). He brought a writ of habeas corpus claiming ineffective assistance of both trial and appellate counsel. Following a hearing, the habeas court dismissed the petition and subsequently granted the petitioner permission to appeal the dismissal.

The petitioner appealed to this court. In response to the petitioner's request for a transcript of his habeas hearing, the court reporter confirmed that the reporter's notes and the computer diskette of the hearing had been lost. The petitioner then filed a motion for a new trial or reconstruction of the habeas hearing record,[1] which was denied by the trial court. This court then granted a motion for review and ordered the habeas court to reconstruct the record. Additional facts are included in our analysis of each claim.

I

The petitioner's first two claims pertain to the reconstructed record that replaced the unavailable transcript. The petitioner claims that the habeas court improperly (1) denied his motion for a new trial because reconstruction is never proper in a habeas case, and (2) refused to certify for appeal the denial of his motion for a new trial.

---

[1] Reference to the habeas hearing record in this opinion is intended to refer only to the transcript of oral proceedings. The original record is otherwise fully intact and was available for use by this court.

## A

The petitioner argues that the unique nature of a habeas corpus proceeding excludes reconstruction as a possible remedy when reporter's notes are lost. The petitioner's argument that the only proper remedy is a new habeas hearing ignores the peculiar procedural background of this case.

When the petitioner learned that the notes and diskette had been lost, he filed a bifurcated motion in which he asked the habeas court either (1) to grant a new trial or, (2) to hold a hearing to reconstruct the record. When this motion was denied in toto, the petitioner sought review from this court, asking us to reverse the habeas court and order it either to grant a new trial or to conduct a hearing to reconstruct the record.

We considered the motion for review, dismissed the request for a new trial, granted the alternate form of relief expressly sought by the petitioner, ordering the habeas court to conduct a reconstruction hearing. On remand, a habeas court is limited to the specific direction of this court. See *Jackson* v. *Commissioner of Correction*, 227 Conn. 124, 129 n.6, 629 A.2d 413 (1993). In this case, we directed the habeas court only to hold a reconstruction hearing and it complied with our remand.

Following the reconstruction hearing, the petitioner filed an amended motion for a new habeas hearing. The habeas court denied this motion and also denied certification to appeal its denial. In the petitioner's amended motion for a new habeas hearing, he essentially complained that the habeas court should not have carried out our remand. Because this court had already dismissed the petitioner's request for a new habeas hearing, it would have been illogical for the habeas court to certify that issue back to us. Stated simply, the petitioner received what he requested and now com-

plains that it was unlawful for it to be granted to him. Accordingly, under the circumstances of this case, the habeas court properly denied certification to appeal the denial of his motion for a new trial. Thus, we do not reach the petitioner's contention that reconstruction of a habeas corpus proceeding can never be proper.

B

Because we have concluded that reconstruction is a possible remedy for lost habeas notes, we turn now to whether the reconstructed record and its exhibits are adequate for the purpose of appealing the dismissal of the habeas corpus petition. The original habeas hearing lasted less than three hours and consisted of the testimony of only two witnesses—the petitioner and his counsel from the underlying criminal case. The habeas court had taken extensive and detailed notes during the hearing. These notes were made exhibits in the reconstructed hearing, as were the notes of both counsel. Additionally, counsel agreed to a written stipulation of facts.

When the transcript is unavailable, substitutes such as "[a] statement of facts agreed to by both sides, [or] a full narrative statement based perhaps on the trial judge's minutes taken during [the hearing]" are acceptable "if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise." *Draper* v. *Washington*, 372 U.S. 487, 495, 83 S. Ct. 774, 9 L. Ed. 2d 899 (1963). Although the state must ensure that the trial record is adequate for effective appellate review of any claims raised by an indigent defendant, it is not required to furnish him with a verbatim transcript of the underlying trial. *State* v. *Williams*, 227 Conn. 101, 105, 629 A.2d 402 (1993).[2] A new trial is required only if the record,

---

[2] The defendant's status as indigent is irrelevant to the disposition of this portion of his appeal.

as reconstructed, is inadequate for effective appellate review of the defendant's claims. Id., 105.

The sufficiency of a reconstructed transcript to enable appellate review is a question of fact. We will affirm the habeas court's determination that a reconstructed record was sufficient unless that determination is clearly erroneous. *State* v. *DePastino*, 228 Conn. 552, 557–58, 638 A.2d 578 (1994). The petitioner in the present case contends that the reconstruction is inadequate because some facts may be missing from the record. The petitioner's appellate counsel did not represent him at the habeas hearing and does not know if any significant facts were omitted from the reconstructed record. Nor can this court, through omniscience, know what, if any, important facts are missing. The habeas court was in the best position to determine whether there were any significant facts missing from the reconstruction and the petitioner has not demonstrated that the habeas court finding was clearly erroneous.

Furthermore, before a defendant can establish that he is entitled to a new trial on the basis of an inadequate reconstructed record, he must identify a specific appellate claim that this court would be unable to review effectively using the reconstructed record. Id., 558. The defendant has not identified any specific claim that we cannot review on the basis of the reconstructed record. After reviewing the petitioner's specific claims of ineffective counsel, we conclude that raising these claims does not depend on a verbatim transcript of the habeas court testimony. See part II of this opinion.

The petitioner has not demonstrated that the reconstructed record prejudiced him so that he was unable to present his claims to this court for review. We therefore conclude that the habeas court's ruling that the reconstructed record was adequate for effective appellate review was not clearly erroneous.

## II

On his certified claim the defendant argues that he was denied his sixth amendment right to effective assistance of counsel both at his criminal trial and on appeal from his conviction.

### A

The standard to be applied by habeas courts in determining whether an attorney effectively represented a criminal defendant is set forth in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "In order for a criminal defendant to prevail on a constitutional claim of ineffective assistance of counsel, he must establish both (1) deficient performance, and (2) actual prejudice. . . . Thus, he must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . In this context, a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, does not require the petitioner to show that counsel's deficient conduct more likely than not altered the outcome in the case. . . . Rather, it merely requires the petitioner to establish a probability sufficient to undermine confidence in the outcome." (Citations omitted; internal quotation marks omitted.) *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 445–46, 610 A.2d 598 (1992).

The petitioner contends that the habeas court improperly denied his petition solely on the basis that he had not satisfied the prejudice prong of *Strickland*. A court, however, need not determine the deficiency of counsel's performance if consideration of the prejudice prong will be dispositive of the ineffectiveness claim.

*Aillon* v. *Meachum*, 211 Conn. 352, 362, 559 A.2d 206 (1989).

A habeas court "hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. . . . [A] court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Strickland* v. *Washington*, supra, 446 U.S. 695–96.

The *Strickland* court mandates that the habeas court consider both "unaffected findings" and "the effect of the errors on the remaining findings." Id. The petitioner claims that the habeas court ignored that mandate and inquired into the sufficiency of the evidence rather than its reliability. This argument, however, is not supported by the habeas court's memorandum of decision. The court did not discuss individually each of the several grounds raised in the defendant's petition, but summarized the unaffected evidence, holding that "[that] evidence established that any deficiencies in the work of [trial] counsel were not shown to have lead to an unreliable result at trial." This conclusion demonstrates that the habeas court considered not whether the evidence of the petitioner's guilt was sufficient, but whether in view of the unaffected evidence, the determination of his guilt was reliable.

## B

In the first of his ineffective assistance claims, the petitioner contends that trial counsel rendered ineffec-

tive assistance when she failed to object to the victims' unfavorable characterizations of the petitioner.[3] Those victims, however, clearly and unequivocally identified the petitioner. Therefore, even if counsel had objected to the victims' characterizations, their identifications of the petitioner would nevertheless have been admissible to counter the petitioner's mistaken identification defense. Based on the abundant evidence of the defendant's identification, there is no reasonable probability that, had trial counsel objected to the unfavorable characterizations, the outcome of the trial would have been different.

In his second ineffective assistance claim, the petitioner argues that trial counsel failed to object to the admission of consciousness of guilt evidence. Specifically, the petitioner complains that the state was permitted to introduce evidence that the petitioner had escaped from custody while awaiting arraignment for the offenses underlying the habeas action.

Evidence of flight or escape is admissible to show consciousness of guilt. *State* v. *Burak*, 201 Conn. 517, 532–33, 518 A.2d 639 (1986). Although the petitioner contends that he was prejudiced by additional evidence describing the circumstances of the escape, the state is entitled to prove not only that the petitioner fled, but why. "[T]he probative value of evidence of flight is, in large part, dependent upon facts pointing to the motive which prompted it." *State* v. *Piskorski*, 177 Conn. 677, 723, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979); see *State* v. *Alford*, 37 Conn. App. 180, 186, 655 A.2d 782, cert. denied, 234 Conn. 914, 660 A.2d 357 (1995). Any objection to the introduction of this additional evidence by trial counsel

---

[3] On direct examination, one victim characterized the defendant as a creep and mean looking, and the other victim called the defendant a bastard and said that she recognized him from his intimidating look.

would have been futile because such evidence was clearly admissible. The petitioner was therefore not prejudiced by trial counsel's failure to object to evidence of flight.

The petitioner also contends that he was prejudiced by trial counsel's failure to request a limiting instruction on the jury's use of flight evidence. Although the trial court did not expressly limit the jury's consideration of the evidence, it did explain that the state had offered evidence of the petitioner's flight to show consciousness of guilt and that, if the jury believed the facts offered by the state, it could interpret those facts to show consciousness of guilt. Even if counsel could have obtained a limiting instruction, the jury would still have known that the petitioner had escaped from custody while being held on the charges that the jury had to decide. Any additional evidence that described the circumstances of the escape did not prejudice the petitioner by undermining the fairness or the reliability of his conviction. *Strickland* v. *Washington*, supra, 466 U.S. 693.

The petitioner next makes a series of additional ineffective assistance of counsel claims. The petitioner complains that, during trial counsel's cross-examination of the victims, she used legal terminology, robbery and sexual assault, and the use of these legal terms solidified the elements of the crimes in the minds of the jury. The petitioner also claims that trial counsel failed to cross-examine a witness properly about his motive to testify, improperly referred to photographs of the defendant as "mug shots," and failed to object to evidence of the state of mind of each of the victims at a lineup. Because the petitioner has failed to show that any of these actions undermined the reliability of the results of the proceeding as required by *Strickland*, we need not discuss them further.

In his next ineffective assistance of counsel claim, the petitioner contends that trial counsel should have requested a jury instruction on the lesser included offense of robbery in the third degree. The petitioner correctly argues that the use of or representation of a firearm by a participant distinguishes first degree from third degree robbery. General Statutes §§ 53a-134 and 53a-136. Although the habeas court did not specifically address this issue in its memorandum of decision, we conclude that the petitioner was not prejudiced by counsel's failure to request a lesser included offense instruction.

Because the jury was instructed to base its decision on the evidence and returned a guilty verdict of robbery in the first degree, we conclude that it necessarily believed the uncontroverted evidence that one of the perpetrators used a gun. Any possibility that the jury would have convicted the petitioner on the lesser included offense of robbery in the third degree does not amount to a probability sufficient to undermine confidence in the outcome of the defendant's conviction. See *Fair* v. *Warden*, 211 Conn. 398, 559 A.2d 1094, cert. denied, 493 U.S. 981, 110 S. Ct. 512, 108 L. Ed. 2d 514 (1989).

The defendant's last two claims of ineffective assistance concern the absence of a unanimity instruction. The petitioner first claims that trial counsel should have requested an instruction on unanimity for the robbery count. Second, the petitioner claims that he was prejudiced by appellate counsel's failure to raise that issue on direct appeal.

The petitioner claims that trial counsel should have requested an instruction that the jury reach a unanimous verdict on whether the petitioner was a participant in or an accessory to the robbery. He has not provided us, however, with a separate analysis of this

# 261

claim. The failure to brief an issue adequately constitutes abandonment of that issue. See *Latham & Associates, Inc.* v. *William Raveis Real Estate, Inc.*, 218 Conn. 297, 300, 589 A.2d 337 (1991). We therefore decline to review it.

The defendant also claims that he was prejudiced by appellate counsel's failure to raise the unanimity issue on appeal. In order to establish that prejudice resulted from appellate counsel's deficient performance, a petitioner must show that, "as a result of that performance, there remains a probability sufficient to undermine confidence in the *verdict* that resulted in his appeal." (Emphasis added.) *Bunkley* v. *Commissioner of Correction*, supra, 222 Conn. 454. Because the petitioner has failed to establish that he was prejudiced by the absence of this instruction, we cannot conclude that there is any probability that the petitioner is burdened by an unreliable conviction.

The judgment is affirmed.

In this opinion the other judges concurred.