CONNECTICUT RESOURCES RECOVERY AUTHORITY *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF TORRINGTON ET AL.
(AC 16529)

Foti, Lavery and Heiman, Js.

---

[3] As a result of the foregoing, we need not address the plaintiff's claims.

Argued June 2—officially released September 2, 1997

*Douglas A. Cho*, for the appellant (plaintiff).

*Peter C. Herbst*, for the appellee (defendant Torrington Land Associates, Inc.).

*Albert G. Vasko*, corporation counsel, for the appellee (named defendant).

*Opinion*

LAVERY, J. The plaintiff, Connecticut Resources Recovery Authority (CRRA), appeals from the judgment of the trial court sustaining its appeal from the defendant Torrington planning and zoning commission's (commission) granting a special exception in favor of the defendant Torrington Land Associates, Inc. (TLA). On appeal, the plaintiff challenges the trial court's rejection of its claim that the commission lacked discretion to approve TLA's special exception application because TLA did not post a proper sign providing public notice of its application.

TLA applied to the commission for a special exception to construct a solid waste transfer station and leaf composting facility on the real property it owns in Torrington. TLA's land abuts property owned by CRRA. A

public hearing and site visit was conducted concerning TLA's application, and the commission subsequently approved TLA's application for special exception.

CRRA appealed to the Superior Court, raising four separate issues concerning the commission's decision: TLA improperly posted a sign that was to provide public notice of its special exception application; TLA's proposed facility constituted an impermissible flag lot; TLA's proposed facility would hamper Torrington's traffic circulation; and leaf composting was not allowed in said area. The trial court sustained CRRA's appeal on the ground that the TLA parcel was a flag lot and that Torrington's regulations do not provide for the use of a flag lot in an industrial zone. TLA and the commission filed petitions for certification to appeal to this court, which were subsequently granted. CRRA's petition for certification to appeal on the ground that the trial court incorrectly decided the sign posting issue was also granted by this court.

Practice Book § 4000 provides that "[a]n aggrieved party may appeal from a final judgment, except as otherwise provided by law." The test for demonstrating aggrievement is well settled: "First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." (Internal quotation marks omitted.) *Winchester Woods Associates* v. *Planning & Zoning Commission*, 219 Conn. 303, 307, 592 A.2d 953 (1991). "Mere status as a party or a participant in the proceedings below does not in and of itself constitute aggrievement for the purposes of appellate review." *Windham Taxpayers Assn.* v. *Board of Selectmen*, 234 Conn. 513, 523, 662 A.2d 1281 (1995).

We conclude that CRRA is not aggrieved because it prevailed at trial and has not otherwise indicated how its interests were affected by the decision. The plaintiff does not have standing and we do not have jurisdiction to consider the issues raised in their appeal. Id.

The appeal is dismissed.

In this opinion FOTI, J., concurred.

HEIMAN, J., concurring. While I agree that the appeal in this case must be dismissed, it appears to me that it should more properly be dismissed on the ground that certification was improvidently granted, since we were without jurisdiction to entertain this appeal in the first instance. See *Winchester Woods Associates* v. *Planning & Zoning Commission*, 219 Conn. 303, 307, 592 A.2d 953 (1991), citing *Bakelaar* v. *West Haven*, 193 Conn. 59, 65, 475 A.2d 283 (1984).

I would, therefore, dismiss the appeal on the ground that we improvidently granted certification. See *Sabellico* v. *Planning & Zoning Commission*, 24 Conn. App. 809, 584 A.2d 488 (1991).