BLUE CROSS/BLUE SHIELD OF CONNECTICUT, INC.
*v.* WALTER S. GURSKI, JR.
(AC 17560)

Foti, Spear and Hennessy, Js.

 

Argued November 19, 1997—officially released January 20, 1998

*Richard A. Smith,* in support of the motion.

*Julie A. Manning,* in opposition.

*Opinion*

FOTI, J. The defendant has filed a motion to dismiss the plaintiff's cross appeal, arguing that it is untimely and that the plaintiff is not aggrieved within the meaning of Practice Book §§ 4000 and 4005.[1] We agree that the cross appeal is untimely and therefore dismiss it. Furthermore, because the plaintiff has improperly attempted to include a request for permission to file a late cross appeal in its opposition to the defendant's motion to dismiss, we decline to consider the plaintiff's request for permission to file a late cross appeal.

The defendant, Walter S. Gurski, Jr., was a podiatrist participating in the health care plans of the plaintiff,

---

[1] Practice Book § 4000 provides that "[a]n aggrieved party may appeal from a final judgment, except as otherwise provided by law."

Practice Book § 4005 provides in relevant part that "[a]ny appellee or appellees aggrieved by the judgment or decision from which the appellant has appealed may jointly or severally file a cross appeal within ten days from the filing of the appeal. . . ."

Blue Cross/Blue Shield of Connecticut, Inc. The plaintiff brought the present action following an audit that revealed that the defendant had improperly billed the plaintiff for reimbursement to which he was not entitled. The plaintiff filed a motion for judgment of default, which the trial court granted. On June 3, 1997, the trial court held a hearing on damages, at which the plaintiff argued that it was entitled to $46,691.39 in damages and $126,311.49 in attorney's fees. In its memorandum of decision, however, the trial court ordered the defendant to pay the plaintiff $28,584.93 in damages and $25,760 in attorney's fees. On August 28, 1997, the defendant appealed from the judgment.

On September 15, 1997, the plaintiff filed a cross appeal, claiming that it was entitled to the full amount of damages it had requested at the June 3, 1997 hearing. The defendant has moved to dismiss the plaintiff's cross appeal, and the plaintiff has opposed the defendant's motion to dismiss. In its opposition to the motion to dismiss, the plaintiff has also sought permission to file a late cross appeal.

Practice Book § 4005 requires that a cross appellant be aggrieved by the judgment or decision of the trial court. The twofold test for determining aggrievement is well settled. " '[F]irst, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision . . . .' " *Med-Trans of Connecticut, Inc.* v. *Dept. of Public Health & Addiction Services*, 242 Conn. 152, 158–59, 699 A.2d 142 (1997); *United Cable Television Services Corp.* v. *Dept. of Public Utility Control*, 235 Conn. 334, 342–43, 663 A.2d 1011 (1995). " 'Mere

status as a party or a participant in the proceedings below does not in and of itself constitute aggrievement for the purposes of appellate review.' " *Connecticut Resources Recovery Authority* v. *Planning & Zoning Commission*, 46 Conn. App. 563, 565, 699 A.2d 314, cert. denied, 243 Conn. 936, 702 A.2d 640 (1997), quoting *Windham Taxpayers Assn.* v. *Board of Selectmen*, 234 Conn. 513, 523, 662 A.2d 1281 (1995).

Generally, a party is not found to be aggrieved if that party has prevailed in the trial court. *Cioffoletti* v. *Planning & Zoning Commission*, 209 Conn. 544, 547, 552 A.2d 796 (1989); *Orticelli* v. *Powers*, 197 Conn. 9, 11 n.1, 495 A.2d 1023 (1985); *Scarsdale National Bank & Trust Co.* v. *Schmitz*, 24 Conn. App. 230, 233, 587 A.2d 164 (1991). A prevailing party, however, can be aggrieved if the relief awarded to that party falls short of the relief sought. See, e.g., *Branch* v. *Occhionero*, 239 Conn. 199, 681 A.2d 306 (1996); *Buckley* v. *Lovallo*, 2 Conn. App. 579, 589, 481 A.2d 1286 (1984). Because the plaintiff prevailed in the trial court but was denied the full amount of damages it requested, we find that the plaintiff is aggrieved within the meaning of Practice Book §§ 4000 and 4005.

Practice Book § 4005 also provides that an aggrieved party may "file a cross appeal within ten days from the filing of the appeal. . . ." This court may nevertheless exercise its discretion to consider late appeals, even when a party timely files a motion to dismiss an untimely appeal. Practice Book § 4183 (6);[2] *Kelley* v. *Bonney*, 221 Conn. 549, 559 n.4, 606 A.2d 693 (1992). "Given the large number of appeals . . . filed in this court, however, we have adopted a policy that gives precedence to those appeals that are timely filed . . . .

[2] Practice Book § 4183 (6) provides that this court may "order that a party for good cause shown may file a late appeal, petition for certification, brief or any other document, unless the court lacks jurisdiction to allow the late filing . . . ."

Therefore, when a motion to dismiss that raises untimeliness is, itself, timely filed pursuant to Practice Book § 4056, it is ordinarily our practice to dismiss the appeal if it is in fact late, and if no reason readily appears on the record to warrant an exception to our general rule." *Nicoll* v. *State*, 38 Conn. App. 333, 335–36, 661 A.2d 101 (1995). In the present case, the plaintiff's September 15, 1997 cross appeal was filed eight days late, and the defendant's motion to dismiss was timely filed pursuant to Practice Book § 4056.[3] Because we find no reason to make an exception to our general policy in this case, we dismiss the plaintiff's cross appeal as untimely.

As one final matter, we address the plaintiff's request for leave to file a late cross appeal, which is improperly included in its opposition to the defendant's motion to dismiss. Practice Book § 4183 provides that this court "may, on its own motion, or upon motion of any party . . . (6) order that a party for good cause shown may file a late appeal, petition for certification, brief or any other document . . . ." Barring the very limited circumstances, however, under which this court allows a late appeal or cross appeal on its own motion, the proper procedure for seeking permission to file a late cross appeal is to file a motion that conforms to the requirements of Practice Book § 4041. Practice Book § 4041 (a) provides in relevant part that "[m]otions, petitions and applications shall be specific. No motion, petition or application will be considered unless it clearly sets forth in separate paragraphs appropriately captioned: (1) a brief history of the case; (2) the specific facts upon which the moving party relies; and (3) the legal grounds upon which the moving party relies."

In the present case, the facts do not support allowing, on our own motion, a late cross appeal. Furthermore,

---

[3] Practice Book § 4056 provides in relevant part that a motion to dismiss an appeal "must be filed in accordance with Secs. 4041 and 4042 within ten days after the filing of the appeal . . . ."

the plaintiff did not follow the procedure provided under § 4041 for filing a proper motion for permission, but instead simply included its request for permission to file a late cross appeal within its opposition to the defendant's motion to dismiss. Accordingly, we decline to consider the plaintiff's request for permission to file a late cross appeal.

The defendant's motion to dismiss the plaintiff's cross appeal is granted.

In this opinion the other judges concurred.