ALLYN SEYMOUR ET AL. *v.* LISA REPP SEYMOUR
(SC 16502)

Sullivan, C. J., and Norcott, Katz, Palmer and Vertefeuille, Js.

Argued September 27—officially released December 3, 2002

*David A. Curry,* with whom was *P. Jo Anne Burgh,* for the plaintiffs in error.

*W. Bruce Louden,* with whom was *Susan V. Busby,* for the defendant in error.

*Opinion*

PER CURIAM. The plaintiffs in error, Allyn Seymour and Frances Waterman Seymour (plaintiffs), bring this

writ of error claiming that the trial court improperly denied their motion for a protective order with respect to the taking of their depositions in a Massachusetts action involving their son, Robert Waterman Seymour, and the defendant in error, Lisa Repp Seymour (defendant). We conclude that the plaintiffs, having been granted their request in the alternative to have the depositions sealed, are not aggrieved by the trial court's order. Accordingly, the writ of error is dismissed for lack of aggrievement.

The following facts and procedural history are relevant to the disposition of this writ. The plaintiffs are residents of Connecticut and the parents of Robert Waterman Seymour. Robert Waterman Seymour is the defendant in a dissolution action pending in the Probate and Family Court of the commonwealth of Massachusetts brought by his wife, the defendant. Pursuant to the Massachusetts action, the defendant sought to take the depositions of the plaintiffs. Specifically, the defendant sought information pertaining to the plaintiffs' assets and estate plan for use by the Massachusetts court in determining the division of marital assets. On April 21, 2000, the Essex division of the Probate and Family Court of the commonwealth (Massachusetts court) issued letters rogatory directed to the clerk of the Superior Court Family Division of the Hartford judicial district.[1] The letters rogatory constituted a formal request for the taking of the depositions and specified that the depositions would be taken at the law office of the Connecticut counsel for the defendant. The Mas-

---

[1] Although a review of the file in this case contains only the actual letter rogatory and commission with respect to *Frances* Waterman Seymour, the file does indicate that the Massachusetts court also granted the motion of the defendant for a commission with regard to *Allyn* Seymour and it is undisputed that the Massachusetts court did in fact issue letters rogatory and commissions for both *Frances and Allyn* Seymour. Thus, we conclude that, as the trial court found, a commission and a letter rogatory were issued for each of the plaintiffs.

sachusetts court also issued commissions to a stenographic firm to record the depositions.

Subsequently, the defendant issued a subpoena duces tecum to each of the plaintiffs. On June 28, 2000, the plaintiffs filed in the trial court in Connecticut a document captioned "Motion for a Protective Order," and requested that "pursuant to Connecticut Practice Book [§] 13-28 (e) (1)," the court order: "1]. That requested Discovery not be had; or 2]. That the requested Discovery that being a Deposition and Production of Documents, be sealed and opened only by an order of the Court."

On September 5, 2000, the trial court denied the motion for a protective order, but granted the alternative form of relief requested by the plaintiffs, namely an order that the depositions be sealed. Thereafter, the plaintiffs moved for reargument of the trial court's decision. On January 24, 2001, the trial court heard reargument and reaffirmed its September 5, 2000 order orally in open court. On February 2, 2001, the plaintiffs presented a writ of error to the trial court for its signature, and on March 13, 2001, the plaintiffs filed the signed writ with this court. Subsequently, in response to a motion of the plaintiffs, the trial court issued an articulation of its decision. The plaintiffs then filed a motion for review of the trial court's articulation in this court. We granted the motion, but denied the relief requested. We further, sua sponte, ordered that the parties address the following question in their briefs on the merits: "Why the writ should not be dismissed for lack of aggrievement in light of the fact that the trial court's order was one of the forms of relief requested from that court by . . . the plaintiffs . . . ."

In their writ, the plaintiffs claim that the trial court improperly denied their motion for a protective order.[2]

---

[2] Specifically, the plaintiffs claim that the trial court improperly found that their interests had been adequately protected in the Massachusetts

We conclude, however, that the plaintiffs, having been granted an alternative form of relief that they expressly had requested, are not aggrieved by the trial court's order. Therefore, because aggrievement is a prerequisite to appellate review, we do not reach the merits of the writ and dismiss it for lack of jurisdiction.

We begin by noting that, "[p]roof of aggrievement is . . . an essential prerequisite to the court's jurisdiction of the subject matter of the appeal." (Internal quotation marks omitted.) *Gladysz* v. *Planning & Zoning Commission*, 256 Conn. 249, 256, 773 A.2d 300 (2001). "The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all the members of the community as a whole. Second, the party claiming aggrievement must successfully establish that the specific personal and legal interest has been specially and injuriously affected by the decision. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) *Briggs* v. *McWeeny*, 260 Conn. 296, 308–309, 796 A.2d 516 (2002).

Ordinarily, a party that prevails in the trial court is not aggrieved. See, e.g., *Cioffoletti* v. *Planning & Zoning Commission*, 209 Conn. 544, 547, 552 A.2d 796 (1989) (dismissing defendant's cross appeal for lack of aggrievement where trial court had dismissed plaintiff's appeal); *Orticelli* v. *Powers*, 197 Conn. 9, 11 n.1, 495

proceeding and improperly concluded that the taking of the depositions would not violate their due process rights under the Connecticut and federal constitutions.

A.2d 1023 (1985) (dismissing defendants' cross appeal where trial court had rendered summary judgment in favor of defendants); *Scarsdale National Bank & Trust Co.* v. *Schmitz*, 24 Conn. App. 230, 233, 587 A.2d 164 (1991) (dismissing appeal where plaintiffs received relief in trial court that they had requested). Moreover, "[a] party cannot be aggrieved by a decision that grants the very relief sought." *Scarsdale National Bank & Trust Co.* v. *Schmitz*, supra, 233. Such a party cannot establish that a "specific personal and legal interest has been specially and injuriously affected by the decision." (Internal quotation marks omitted.) *Briggs* v. *McWeeny*, supra, 260 Conn. 309.

In *Scarsdale National Bank & Trust Co.* v. *Schmitz*, supra, 24 Conn. App. 232, the defendant landowners requested, and were granted by the trial court, a four week extension of the sale date in a foreclosure action. The defendants appealed the order, arguing that the trial court should have extended the sale date further than the four weeks that they had requested. Id. The Appellate Court concluded that the defendants, having themselves requested the relief, could not "attack this order on appeal because they have not established that they were aggrieved by it." Id., 233.

In this case, the motion for a protective order[3] requested that the trial court order: "1]. That requested

[3] We note that, although the plaintiffs captioned their motion as one seeking a "protective order," Practice Book § 13-5 provides that such a motion can be made "by a *party* from whom discovery is sought . . . ." (Emphasis added.) The plaintiffs were *not* parties to the Massachusetts case in which the discovery was sought. We also note that, while the motion of the plaintiffs was captioned as one seeking a protective order, it also stated that it was being taken pursuant to Practice Book § 13-28 (e) (1), which governs the quashing or modification of subpoenas and is *not* limited to parties. In addition, the defendant did not object to the motion on the basis of the nonparty status of the plaintiffs in the trial court or in this court. Under these circumstances, we do not consider the nonparty status of the plaintiffs as being fatal to their motion. See *Lougee* v. *Grinnell*, 216 Conn. 483, 487 n.3, 582 A.2d 456 (1990) (noting that Practice Book § 221 [now § 13-

Discovery not be had; *or* 2]. That the requested Discovery that being a Deposition and Production of Documents, be sealed and opened only by an order of the Court." (Emphasis added.) Among the definitions of the word "or" is "the synonymous, equivalent, or substitutive character of two words or phrases . . . ." Webster's Third New International Dictionary. Thus, on its face, the plaintiffs' motion requested that *either* of the alternative forms of relief posited be granted.

Moreover, the plaintiffs point to nothing in the record that indicates that they were requesting anything other than that the trial court grant *either* one of two forms of alternative relief. For example, the trial court noted in its articulation, "[a]t oral argument on August 15, 2000 [the] plaintiff[s'] counsel made the following preliminary remarks 'Accordingly, on behalf of the [plaintiffs], on June 28th, I filed my motion for a protective order, asking the Court to preclude the requested discovery, *or in the alternative* . . . to seal and open the depositions and production of documents only by order of this court.' " (Emphasis added in articulation.) Likewise, the plaintiffs reiterated at the reargument hearing that they were maintaining their request that the depositions be sealed.

The trial court noted in its articulation that it had "adopted the alternative proffered by [the] plaintiff[s'] counsel as set forth in their prayer for relief and at oral argument." Thus, the plaintiffs received one of the two alternative forms of relief that they sought. Under these circumstances, we conclude that such litigants "cannot be aggrieved by a decision that grants the very relief sought." *Scarsdale National Bank & Trust Co.* v. *Schmitz*, supra, 24 Conn. App. 233.

At oral argument the plaintiffs conceded that, as a general proposition, when a litigant asks for one form

5] applies only to motions by parties, but, nevertheless, reviewing nonparty's claim regarding protective order).

of relief *or* another, the litigant is *not* aggrieved by an order providing at least *one* of the requested forms of relief. The plaintiffs attempted to escape the impact of this concession, however, by arguing that this proposition does not apply in this case, because the alternative form of relief that they had requested was premised necessarily upon a finding, allegedly not supported in the record, that their due process rights had been protected in the Massachusetts proceeding. We are not persuaded by this argument.

Most obviously, the argument is circular. It is premised on the notion that the plaintiffs are entitled to review of their constitutional claims on the merits; see footnote 2 of this opinion; *because* the trial court made a finding on the merits with which they disagree. Aggrievement, however, is a threshold jurisdictional issue that must be demonstrated independently of whether the trial court properly ordered the depositions sealed. A fortiori, the plaintiffs cannot demonstrate aggrievement by raising a claim on the merits.[4]

Similarly, albeit in a different context, the Appellate Court, in *Harris* v. *Commissioner of Correction*, 40 Conn. App. 250, 253, 671 A.2d 359 (1996), considered whether, as in this case, a party could attack relief that the party expressly had requested. In *Harris*, the petitioner learned, upon the appeal from the dismissal of his habeas corpus petition, that the court reporter's notes and a computer diskette of his habeas proceeding had been lost. Id., 252. The petitioner filed a motion in the habeas court in which he requested that the court either grant a new trial or hold a hearing to reconstruct

---

[4] We also note that the plaintiffs never once suggested to the trial court that it was required to make a finding of adequate representation in the Massachusetts proceeding, a finding that they now argue is not supported in the record, in order to seal the depositions as they requested. To the contrary, as already noted, the plaintiffs reiterated their request to seal the depositions throughout the trial court proceedings.

the record of his first hearing. After the habeas court denied the motion in toto, the petitioner "sought review from [the Appellate Court], asking [it] to reverse the habeas court and order it either to grant a new trial or to conduct a hearing to reconstruct the record. [The Appellate Court] considered the motion for review, dismissed the request for a new trial, granted the alternate form of relief expressly sought by the petitioner, ordering the habeas court to conduct a reconstruction hearing." Id., 253.

Nevertheless, following remand, the petitioner again asserted to the habeas court that he was entitled to a new hearing because "the unique nature of a habeas corpus proceeding excludes reconstruction as a possible remedy when reporter's notes are lost." Id. The habeas court disagreed, as did the Appellate Court, which noted in language apropos to the present case that, "[s]tated simply, the petitioner received what he requested and now complains that it was unlawful for it to be granted to him." Id., 253–54. Accordingly, the Appellate Court refused to consider the petitioner's claim that reconstruction of a habeas corpus proceeding can never be proper. Id., 254. Likewise, in this case, the fact that the plaintiffs would now like to attack the propriety of an award of relief that they themselves sought is not a basis for concluding that they are aggrieved by the trial court's decision.

Finally, we recognize that there is case law that holds that "[a] prevailing party . . . can be aggrieved if the relief awarded to that party falls short of the relief sought." *Blue Cross/Blue Shield Of Connecticut, Inc.* v. *Gurski*, 47 Conn. App. 478, 481, 705 A.2d 566 (1998) (concluding plaintiff was aggrieved despite prevailing in trial court because it was denied full amount of dam-

ages it requested), citing *Branch* v. *Occhionero*, 239 Conn. 199, 681 A.2d 306 (1996).[5]

In the present case, the plaintiffs have not invoked this "partial relief" case law. They do suggest, however, that they had requested that the trial court order that the depositions be sealed if, and only if, that court denied their request to bar all discovery. Notwithstanding this assertion, our review of their motion for a protective order indicates that the plaintiffs simply asked that discovery be barred *or* the depositions be sealed. There was nothing in their motion to indicate that one form of relief was preferred over the other. Moreover, the plaintiffs have pointed to nothing in the transcript of either the initial argument on the motion or the reargument before the trial court that clearly indicates that they had requested that the depositions be sealed only if their *primary* form of relief were denied. Therefore, despite the assertions of the plaintiffs in this court, this case does not present a situation in which a party asked for a form of relief only in the event that another form of relief were denied. Accordingly, we need not answer the question of whether, in such a hypothetical situation, such a party would be aggrieved. In contrast, as noted previously, where, as in this case, a litigant asks to be given either one form of relief *or* another, the litigant is not aggrieved if the trial court orders, in its entirety, one of the forms of relief requested.

The writ of error is dismissed.

---

[5] In *Branch* v. *Occhionero*, supra, 239 Conn. 199, this court, without discussion of aggrievement, considered a party's appeal from the denial of injunctive relief where the party had asked the trial court to quiet title *and* to issue injunctive relief.