IN RE: CLAIMS OF RACIAL DISPARITY
(AC 34300)
(AC 34311)
(AC 34312)

DiPentima, C. J., and Beach and Robinson, Js.

Considered April 24—officially released May 10, 2012*

* May 10, 2012, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

*Jennifer Bourn*, assistant public defender, and *Michael Courtney*, acting chief, capital defense unit, for the appellant Steven Hayes (petitioner in AC 34300).

*Vicki H. Hutchinson*, special public defender, for the appellant Jessie Campbell et al. (petitioners in AC 34311 and AC 34312).

*Harry Weller*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

BEACH, J. The commissioner of correction (commissioner)[1] filed with this court a motion to dismiss for lack of a final judgment the appeals brought by the petitioners, Steven Hayes, Lazale Ashby and Jessie Campbell, all of whom have been sentenced to death. The petitioners appealed from the orders of the habeas court denying their requests to stay proceedings in a consolidated habeas corpus action and for other relief. We dismiss the petitioners' appeals for lack of a final judgment.

In *State* v. *Reynolds*, 264 Conn. 1, 836 A.2d 224 (2003), cert. denied, 541 U.S. 908, 124 S. Ct. 1614, 158 L. Ed. 2d 254 (2004), our Supreme Court considered the claim of Richard Reynolds, who had been sentenced to death, that the death penalty in Connecticut has been imposed in " 'a racially discriminatory and arbitrary manner.' "

---

[1] Although the motion to dismiss was submitted in the name of the state, we will refer to the commissioner as the party who brought the motion at issue in this opinion.

Id., 228. The claim had been raised by a motion in the trial court after the verdict and before sentencing. Reynolds requested in the trial court that his sentencing be delayed for " 'several months,' " because gathering and analyzing factual data " 'most likely [would take] four to six months . . . .' " Id., 229 n.200. The trial court had denied the motion, and our Supreme Court, noting that a similar claim had been raised by Sedrick Cobb, also sentenced to death, agreed with Reynolds that he had the right to develop a factual basis for making such a claim in some forum. Id., 231–33. The court observed that data in connection with Cobb's claim was being finalized, and concluded that Reynolds and Cobb should proceed in a consolidated habeas corpus claim. It further stated that "judicial economy, as well as fairness to both defendants and the state, mandates that this claim be litigated before the same habeas judge and in the same general, consolidated hearing, on behalf of all defendants who have been sentenced to death." Id., 233. Significantly, the court also noted: "We do not intimate, however, whether any particular defendant or the state would be barred from litigating a claim of this nature in the consolidated habeas proceeding that we contemplate when that defendant desires to present a different variation of the claim or when the state has a different variation of its response to the defendant's claim. Those will be discretionary matters of case management for both [the special master] and the habeas judge to resolve." Id., 234 n.207.

This consolidated habeas matter, contemplated by *Reynolds*, was formally instituted in 2005. Plaintiffs have been added and subtracted over time. A scheduling order setting a trial date of June 5, 2012, was put in place on September 27, 2011. The petitioners did not agree to the trial date. Sedrick Cobb, Daniel Webb, Robert Breton, Richard Reynolds, Todd Rizzo and Eduardo Santiago, petitioners in the consolidated action,

are subject to the scheduling order. The data that have been gathered and analyzed include information regarding capital-eligible homicides disposed of through June 30, 2006.

The petitioners later joined the consolidated action.[2] Campbell was sentenced to death in 2007 and Ashby in 2008. Hayes committed the criminal activity for which he was convicted in 2007, and was sentenced in December, 2010.

On September 30, 2011, Hayes filed a motion for extension of time "to ensure he may fully and fairly litigate the arbitrariness and constitutionality of his death sentence" and specifically requested three forms of relief: (1) a stay of the proceedings until his direct appeal was to be decided; (2) a continuance of the consolidated habeas hearing for two years so that the data and analysis could be updated or (3) the creation of a second consolidated action to allow the inmates who were joined later to develop updated data for presentation of their claims.[3] On October 12, 2011, the habeas court denied the motion as to the first and second requests for relief and granted the motion as to the third. Hayes appealed from the partial denial of his motion. The habeas court issued identical orders as to Campbell and Ashby, who also have appealed.[4]

The commissioner has moved to dismiss the appeals on two grounds. The commissioner argues that this

[2] An appearance for Hayes was filed on September 15, 2011. Appearances on behalf of Ashby and Campbell were filed on April 16, 2008.

[3] The record indicates that Ashby and Campbell joined in Hayes' motion for extension. On October 13 and 14, 2011, the trial court entered orders regarding Ashby and Campbell. The court ordered the same relief for Ashby and Campbell as it did for Hayes.

[4] The petitioners initially requested to appeal from the orders to our Supreme Court pursuant to General Statutes § 52-265a, which permits an interlocutory appeal in a matter of substantial public interest. The Chief Justice denied their request.

court does not have jurisdiction to entertain the appeals because the petitioners are not aggrieved by the habeas court's orders and because the appeals are not from final judgments of the habeas court. We disagree with the commissioner's contention that the petitioners are not aggrieved, but agree with the commissioner that the orders appealed from are not final judgments for the purpose of appeal and, accordingly, dismiss the appeals.

I

The commissioner argues that the petitioners sought, in the alternative, three forms of relief. Because one of the requests was granted, he argues, the petitioners in effect prevailed and are not aggrieved.

Aggrievement is essential to jurisdiction. "The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all the members of the community as a whole. Second, the party claiming aggrievement must successfully establish that the specific personal and legal interest has been specially and injuriously affected by the decision. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) *Seymour* v. *Seymour*, 262 Conn. 107, 110, 809 A.2d 1114 (2002).

Ordinarily, a party who is granted relief he or she sought is not aggrieved. Where the relief sought is in the alternative, and there is nothing in the record to suggest that one form of relief is preferred, a party is not aggrieved if one of the forms of relief is granted.

Id., 114–15; see also *Harris* v. *Commissioner of Correction*, 40 Conn. App. 250, 253–54, 671 A.2d 359 (1996). If, however, a party claims alternate forms of relief but expresses in the trial court a clear preference for one of the forms of relief, the party may be aggrieved when the less preferred alternative is granted. See generally *Blue Cross/Blue Shield of Connecticut, Inc.* v. *Gurski*, 47 Conn. App. 478, 481, 705 A.2d 566 (1998); see also *State* v. *T.D.*, 286 Conn. 353, 359, 944 A.2d 288 (2008); *In re Allison G.*, 276 Conn. 146, 157, 883 A.2d 1226 (2005).

The petitioners expressed a clear preference that they remain parties to the consolidated action. In their motion dated September 30, 2011, they stated that the "second and third requests are made only in the alternative and do not sufficiently protect [the petitioners'] rights and interests in this matter." Because aggrievement requires only the possibility that a legally protected interest has been adversely affected; see *Seymour* v. *Seymour*, supra, 262 Conn. 110; we decline to dismiss the appeals on the ground of lack of aggrievement.

II

In the unusual and perhaps unique circumstances of this case, we agree, however, with the commissioner that the appeals should be dismissed because the habeas court's orders are not final judgments for the purpose of appeal. An analysis of the record shows that the petitioners were parties to the consolidated action and, as mentioned previously, requested a stay, in effect, so that they could update the data on which the determination of racial disparity or systemic bias would be made. The habeas court denied the request for the stay and, in effect, severed the petitioners from the consolidated action. The court expressly stated that the petitioners "may pursue [their] assertions of disparity separately under a different docket number."

As a rule, this court has jurisdiction to entertain appeals only from final judgments. General Statutes § 52-263; Practice Book § 61-1. "An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). The petitioners recognize that the orders appealed from are interlocutory and do not claim that the orders terminate a separate and distinct proceeding. They do claim, however, that, because their party status in the consolidated action would effectively be revoked by the orders of the habeas court, they have lost the right granted by *State* v. *Reynolds*, supra, 264 Conn. 1, General Statutes § 53a-46b,[5] and the order of the special master to participate in the consolidated litigation. They further analogize the court's action to the decertification of a class action, which has been held to be a final judgment for the purpose of appeal. *Rivera* v. *Veterans Memorial Medical Center*, 262 Conn. 730, 735–36, 818 A.2d 731 (2003). Finally, they caution that piecemeal litigation is not favored.

In the circumstances of this case, however, no right has been lost such that further proceedings cannot affect them. The relevant right is the right to a determination of the claim that the death penalty has been sought in an impermissible manner. Because the habeas court allowed for the full ability to present the claim separately, the right has not been lost. It is true that the ability to be part of the presently constituted action has certainly been compromised. The need for flexibility in case management was, however, recognized specifically by our Supreme Court in *State* v. *Reynolds*,

---

[5] General Statutes § 53a-46b provides for the review of death sentences by our Supreme Court.

supra, 264 Conn. 234 n.207. The court expressly noted that there may be differences within the consolidated action, and it was contemplated that the special master and the habeas court would exercise discretion in managing the cases. So long as the substantive right at issue is fully preserved, the second prong of *Curcio* is not satisfied.

The present situation is significantly different from that of class decertification in *Rivera* v. *Veterans Memorial Medical Center*, supra, 262 Conn. 730. There, class certification had been granted; a subsequent order decertified the class. Class actions exist in part to allow the litigation of claims otherwise too small to pursue; class decertification likely has the effect of ending litigation for many members of the class. Id., 733–36. There is no suggestion that the orders in the present case will terminate the litigation on the part of any of the petitioners.

The situation in the present case is more analogous to *Waterbury Teachers Assn.* v. *Freedom of Information Commission*, 230 Conn. 441, 645 A.2d 978 (1994), and to *Palmer* v. *Friendly Ice Cream Corp.*, 285 Conn. 462, 940 A.2d 742 (2008). In *Waterbury Teachers Assn.* v. *Freedom of Information Commission*, supra, 443, our Supreme Court held that a ruling on a motion for a stay pending resolution of an administrative appeal was not a final judgment for the purpose of appeal. In *Palmer* v. *Friendly Ice Cream Corp*, supra, 463, our Supreme Court held that an order denying class certification was not a final judgment for the purpose of appeal. No statutory or constitutional right had been lost. Id., 466–67. The court analogized the situation to permissive intervention: if permissive intervention is not allowed, the unsuccessful movant can file an independent action. Id., 478–80. Because no protected right of the petitioners was irretrievably lost by the orders of the habeas court, but rather may be fully asserted, we grant the

commissioner's motion to dismiss the appeals for lack of a final judgment.

The commissioner's motion to dismiss the appeals is granted.

In this opinion the other judges concurred.