******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## WILTON CARRAWAY *v.* COMMISSIONER OF CORRECTION
### (SC 19347)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and Robinson, Js.

*Argued May 20—officially released July 21, 2015*

*Sarah Hanna*, assistant state's attorney, with whom, on the brief, were *Brian Preleski*, state's attorney, and *Jo Anne Sulik*, supervisory assistant state's attorney, for the appellant (respondent).

*Dante R. Gallucci*, assigned counsel, for the appellee (petitioner).

*Opinion*

ROGERS, C. J. This certified appeal raises the question of whether a party is aggrieved and therefore has standing to appeal from a decision that the party is seeking to have affirmed. The Appellate Court reversed the habeas court's denial of relief to the petitioner, Wilton Carraway, after the Appellate Court held that the habeas court had improperly applied the prejudice standard enunciated in *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 151, 157, 662 A.2d 178 (1995). *Carraway* v. *Commissioner of Correction*, 144 Conn. App. 461, 470–71, 72 A.3d 426 (2013). The respondent, the Commissioner of Correction, claims on appeal that the judgment of the Appellate Court should be affirmed because *Copas* sets forth an improper standard for determining prejudice. Because we conclude that the respondent is not aggrieved by the judgment of the Appellate Court and because *Copas* has already been overruled sub silentio in subsequent decisions by this court, we dismiss the appeal for lack of subject matter jurisdiction.

The following facts and procedural background are relevant to the respondent's claim on appeal. On March 11, 2008, the petitioner pleaded nolo contendere to a charge of assault in the first degree.[1] Pursuant to a plea agreement, on May 8, 2008, the trial court sentenced the petitioner to fifteen years of incarceration, execution suspended after seven years, and five years of probation.

On June 3, 2011, the petitioner filed an amended habeas petition alleging that his trial counsel had "failed to provide sufficient information to enable [him] to make an informed decision about whether to plead nolo contendere or proceed to trial." (Internal quotation marks omitted.) Id., 467. After a trial, the habeas court rendered judgment denying the petition. Id., 470. In doing so, the habeas court addressed only whether the petitioner was prejudiced by counsel's alleged errors.[2] Id., 469. In determining that the petitioner had not been prejudiced by entering a nolo plea, the court relied on the prejudice standard enunciated in *Copas* v. *Commissioner of Correction*, supra, 234 Conn. 151. *Carraway* v. *Commissioner of Correction*, supra, 144 Conn. App. 469. In *Copas*, this court relied upon *Hill* v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), a case in which the United States Supreme Court discussed a modified prejudice standard first enunciated in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), for demonstrating that ineffective assistance of counsel tainted a guilty plea. The court interpreted *Hill* to require a petitioner to demonstrate both a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial, *and* "that evidence that had been undiscovered or the defenses he claims should

have been introduced were likely to have been successful at trial." *Copas* v. *Commissioner of Correction*, supra, 151. Consistent with the standard stated in *Copas*, the habeas court found that the petitioner failed to satisfy the prejudice prong because the petitioner failed to demonstrate that he would have had a more favorable outcome if he had gone to trial. *Carraway* v. *Commissioner of Correction*, supra, 469–70.

Thereafter, the petitioner appealed to the Appellate Court, claiming only that the habeas court had improperly applied the *Copas* standard to the facts, and not that the habeas court had applied the wrong prejudice standard. Id., 470. The respondent asserted that the petitioner's claim failed under the *Copas* standard. The respondent also noted, however, in his appellate brief and at oral argument, that in a case that was pending before this court,[3] his position was that the *Copas* standard for prejudice is incorrect. Id. Due to this representation, the Appellate Court reasoned that it could not "avoid the question of whether the [habeas] court applied the correct prejudice standard." Id., 470–71.

The Appellate Court concluded that the *Copas* standard that the habeas court applied was inconsistent with federal law concerning the prejudice prong as applied in *Hill* v. *Lockhart*, supra, 474 U.S. 52. *Carraway* v. *Commissioner of Correction*, supra, 144 Conn. App. 471 and n.9. Specifically, the Appellate Court stated that "[t]he bottom line issue that must be resolved is whether, but for counsel's allegedly deficient performance, the petitioner would have insisted on a trial"; id., 476; and not that the outcome was likely to have been more successful at trial. See id., 469. The Appellate Court recognized that the habeas court had applied the *Copas* standard and that the Appellate Court was bound by this court's precedent; nevertheless, on the basis of the clear language of *Hill* v. *Lockhart*, supra, 52, and interpretations of the *Hill* standard by various federal Courts of Appeals,[4] the Appellate Court decided to follow the United States Supreme Court. *Carraway* v. *Commissioner of Correction*, supra, 471 n.9. On March 10, 2015, the Appellate Court sua sponte issued a replacement page adding two sentences and three citations to footnote 9 of its July 30, 2013 *Carraway* opinion.[5] The Appellate Court's addition modified its reasoning to reflect that its decision, although inconsistent with *Copas*, was also consistent with this court's more recent decisions enunciating the proper standard under *Hill*, which required only that a petitioner demonstrate that he would have insisted on going to trial.[6] Id., citing *Washington* v. *Commissioner of Correction*, 287 Conn. 792, 833, 950 A.2d 1220 (2008), *Crawford* v. *Commissioner of Correction*, 285 Conn. 585, 598, 940 A.2d 789 (2008), and *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 576, 941 A.2d 248 (2008). Because the Appellate Court concluded that the habeas court applied an incorrect legal standard in assessing the

petitioner's claims, it reversed the judgment of the habeas court and remanded the case for further proceedings consistent with its opinion. *Carraway* v. *Commissioner of Correction*, supra, 477. This certified appeal followed.[7]

On appeal, the respondent claims that the Appellate Court improperly determined that the habeas court applied an incorrect legal standard, because the habeas court was required to follow *Copas*, but also asks that we affirm the judgment of the Appellate Court and clarify *Copas* to make it consistent with federal law under *Hill* v. *Lockhart*, supra, 474 U.S. 52. In the alternative, the respondent requests that we remand this issue to the Appellate Court to apply the *Copas* standard.

Because both parties are arguing that the Appellate Court's judgment should be affirmed,[8] we must first consider if the respondent has been aggrieved by that judgment, thereby giving him standing to pursue an appeal.[9] Aggrievement is essential to jurisdiction and thus must be resolved as a threshold matter. *State* v. *Long*, 268 Conn. 508, 531–32, 847 A.2d 862, cert. denied, 543 U.S. 969, 125 S. Ct. 424, 160 L. Ed. 2d 340 (2004); *Johnson* v. *Commissioner of Correction*, 258 Conn. 804, 813, 786 A.2d 1091 (2002). To determine whether the parties have been classically aggrieved, we apply a well established two-pronged test. First, the allegedly aggrieved party must have a specific personal and legal interest in the subject matter of the decision. *Seymour* v. *Seymour*, 262 Conn. 107, 110, 809 A.2d 1114 (2002). Second, this specific personal and legal interest must have been specially and injuriously affected by the decision. Id.; see also *State* v. *T.D.*, 286 Conn. 353, 358, 944 A.2d 288 (2008).

Even if we were to assume that the respondent does have a specific personal and legal interest in the subject matter of the decision, he cannot show that this interest has been specially and injuriously affected by the Appellate Court's decision. Although the respondent claims that the Appellate Court improperly determined that the habeas court applied an incorrect legal standard because of the respondent's position that the Appellate Court was bound by and should have applied the legal standard set forth in *Copas*, the respondent seeks to have the judgment of the Appellate Court affirmed. Essentially, the respondent agrees with the reasoning and outcome of the Appellate Court's decision, if not the route the Appellate Court took to reach that decision. Such a disagreement is not enough to show an injury to the respondent's interest. At oral argument before this court, neither party could provide a reason, other than the desire to clarify or modify *Copas*, for this court to provide relief or even what relief we could grant.[10] As the respondent cannot show that his assumed interest has been specially and injuriously affected by the Appellate Court's decision, the respondent is not aggrieved. We therefore dismiss the appeal

for lack of subject matter jurisdiction.

The appeal is dismissed.

In this opinion the other justices concurred.

[1] General Statutes § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

[2] To prevail on ineffective assistance of counsel claims, a petitioner must satisfy the two-pronged test articulated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Washington* v. *Commissioner of Correction*, 287 Conn. 792, 832, 950 A.2d 1220 (2008). Under *Strickland*, a petitioner must show, first, that counsel's performance fell below the standard of reasonably effective assistance; *Strickland* v. *Washington*, supra, 687–88; and, second, that counsel's ineffectiveness at trial prejudiced the defense. Id., 694; see, e.g., *Nardini* v. *Manson*, 207 Conn. 118, 124, 540 A.2d 69 (1988). "A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice." *Nardini* v. *Manson*, supra, 124.

[3] *Brown* v. *Commissioner of Correction*, Docket No. SC 18859. On June 23, 2014, the respondent moved to dismiss *Brown* for lack of subject matter jurisdiction because the appeal was rendered moot by the petitioner's death. On July 10, 2014, this court granted the motion to dismiss prior to any scheduled oral argument.

[4] Subsequent federal Circuit Court jurisprudence makes clear that *Hill* only requires a petitioner to demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See, e.g., *United States* v. *Orocio*, 645 F.3d 630, 643 (3d Cir. 2011) ("The Supreme Court, however, requires only that a defendant could have rationally gone to trial in the first place, and it has never required an affirmative demonstration of likely acquittal at such a trial as the sine qua non of prejudice. [*Hill* v. *Lockhart*, supra, 474 U.S. 59.] To the extent that we have previously interpreted *Hill* to require such a showing, the Supreme Court's intervening decision in *Padilla* [v. *Kentucky*, 559 U.S. 356, 371–73, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010)] . . . has made it clear that that is not appropriate."), abrogated in part on other grounds by *Chaidez* v. *United States*,      U.S.      , 133 S. Ct. 1103, 1107, 185 L. Ed. 2d 149 (2013); see also *Miller* v. *Champion*, 262 F.3d 1066, 1074 (10th Cir. 2001) ("[a]ccordingly, in light of the Supreme Court's opinion in [*Hill*] . . . and the overwhelming weight of authority among the other federal circuits, we hold [that] the [D]istrict [C]ourt erred by requiring [the petitioner] to prove a reasonable probability existed not only that he would have insisted on trial but for his counsel's mistakes, but also that there was a likelihood that he would have prevailed at trial"), cert. denied, 534 U.S. 1140, 122 S. Ct. 1092, 151 L. Ed. 2d 990 (2002).

[5] See *Carraway* v. *Commissioner of Correction*, supra, 144 Conn. App. 471 n.9 ("We also note that our Supreme Court has enunciated the standard set forth in *Hill* in several cases subsequent to *Copas*. . . . Though inconsistent with *Copas*, then, our decision today is consistent with subsequent decisions of our Supreme Court." [Citations omitted.]). The Appellate Court later relied on this language in its March 17, 2015 decision in *Yerinides* v. *Commissioner of Correction*, 156 Conn. App. 71, 78, 111 A.3d 961 (2015).

[6] We note that in our most recent decision addressing the *Hill* prejudice standard, we specifically disapproved of the petitioner's characterization of the prejudice prong as "a reasonable probability that the result of the trial court proceedings would have been different" and instead stated that "[i]n the context of a guilty plea . . . to succeed on the prejudice prong the petitioner must demonstrate that, but for counsel's alleged ineffective performance, the petitioner would not have pleaded guilty and would have proceeded to trial." *Washington* v. *Commissioner of Correction*, 287 Conn. 792, 835, 950 A.2d 1220 (2008); see also *Crawford* v. *Commissioner of Correction*, 285 Conn. 585, 598, 940 A.2d 789 (2008) ("Under the test in *Hill* [v. *Lockhart*, supra, 474 U.S. 59], in which the United States Supreme Court modified the prejudice prong of the *Strickland* test for claims of ineffective assistance when the conviction resulted from a guilty plea, the evidence must demonstrate that there is a reasonable probability that, but for counsel's errors, the [petitioner] would not have pleaded guilty and would have insisted on going to trial." [Internal quotation marks omitted.]) These cases sub

silentio overruled *Copas*.

[7] This court granted the petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly determine that the [habeas] court applied the wrong legal standard in assessing the petitioner's claims?" *Carraway v. Commmisioner of Correction*, 312 Conn. 925, 925, 95 A.3d 521 (2014).

[8] The respondent requests that we conclude that the Appellate Court improperly determined that the habeas court applied an incorrect legal standard, but nevertheless affirm the Appellate Court's decision and remand the case to the habeas court for it to evaluate the petitioner's claims under the correct prejudice standard. The petitioner requests that the judgment of the Appellate Court be affirmed and the case be remanded to the Appellate Court with direction to remand the case to the habeas court for further proceedings in accordance with the opinion of the Appellate Court.

[9] We raise the issue of subject matter jurisdiction sua sponte. "The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." *Peters* v. *Dept. of Social Services*, 273 Conn. 434, 441, 870 A.2d 448 (2005).

[10] We recognize that the mootness doctrine is implicated in this appeal and likely provides an independent basis for our subject matter jurisdiction determination. Because we decide the case on the basis of aggrievement, however, we need not reach the mootness issue.