## MICHAEL EDWARDS *v.* COMMISSIONER OF CORRECTION
### (AC 25025)

Lavery, C. J., and Flynn and Mihalakos, Js.

Argued November 17, 2004—officially released February 15, 2005

*Norman A. Pattis*, for the appellant (petitioner).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *James*

*E. Thomas*, state's attorney, and *Michael J. Weber, Jr.*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

FLYNN, J. The petitioner, Michael Edwards, appeals from the judgment of the habeas court denying his third amended petition for a writ of habeas corpus. The habeas court granted the petition for certification to appeal. On appeal, the petitioner claims that his attorney provided ineffective assistance of counsel in violation of the sixth amendment to the United States constitution by (1) failing to make a recommendation on whether to accept a plea agreement and (2) failing to conduct an adequate pretrial investigation.[1] We affirm the judgment of the habeas court.

The following facts and procedural history, as set forth by the habeas court, are relevant to this appeal. "[T]he petitioner . . . is presently incarcerated at the Cheshire Correctional Institution while serving a fifty (50) year sentence, having been convicted by a jury of the crime of murder. The petitioner was a defendant in a criminal trial before the court, *Schimelman, J.*, charged with murder in violation of General Statutes § 53a-54a, criminal possession of a firearm in violation of General Statutes § 53a-217 and criminal possession of a pistol in violation of General Statutes § 53a-217c. On May 15, 1996, a Hartford jury convicted the petitioner of

---

[1] The petitioner also briefed an issue claiming that his attorney failed to object to a certain line of questioning, but he withdrew this claim during oral argument. Additionally, in his appellate brief, the petitioner claimed that he was deprived of his sixth amendment rights by his attorney's failure to explain to him lesser included offenses and to request a jury instruction on them, and by his attorney's failure to prepare adequately for the sentencing hearing. Despite a cursory mention of these issues, habeas counsel did not develop these claims in his brief or at oral argument, nor did he provide this court with any analysis or legal citation in support thereof. We, accordingly, deem these issues abandoned. See *State* v. *Henry*, 76 Conn. App. 515, 542 n.19, 820 A.2d 1076, cert. denied, 264 Conn. 908, 826 A.2d 178 (2003).

one count of murder and acquitted the petitioner of both weapons charges. Thereafter, the petitioner, through trial counsel, Donald Cardwell, filed a motion for judgment of acquittal and a motion for a new trial, which motions were denied by *Schimelman, J.* On September 27, 1996, the petitioner was sentenced by the court to a term of fifty (50) years to serve. The Supreme Court affirmed the petitioner's conviction. *State* v. *Edwards*, [247 Conn. 318, 721 A.2d 519 (1998)]. The petitioner was represented through verdict and sentencing by Cardwell, who is now deceased."

On June 28, 2003, the petitioner filed his third amended petition for a writ of habeas corpus, claiming, among other things, that his attorney had provided ineffective assistance of counsel in violation of the sixth amendment to the United States constitution by (1) failing to make a recommendation on whether to accept a plea agreement and (2) failing to conduct an adequate pretrial investigation. Following the habeas court's denial of his habeas petition, the petitioner filed a petition for certification to appeal to this court, which the habeas court granted. This appeal followed.

The petitioner claims that he was denied his constitutional right to effective assistance of counsel guaranteed by the sixth amendment to the United States constitution. "Our standard of review in a habeas corpus proceeding challenging the effective assistance of trial counsel is well settled. Although a habeas court's findings of fact are reviewed under the clearly erroneous standard of review . . . [w]hether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard. . . .

"The petitioner's right to the effective assistance of counsel is assured by the sixth and fourteenth amend-

ments to the federal constitution, and by article first, § 8, of the constitution of Connecticut. In *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction. . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Citation omitted; internal quotation marks omitted.) *Toccaline* v. *Commissioner of Correction*, 80 Conn. App. 792, 797–98, 837 A.2d 849, cert. denied, 268 Conn. 907, 845 A.2d 413, cert. denied sub nom. *Toccaline* v. *Lantz*, 543 U.S. 854, 125 S. Ct. 301, 160 L. Ed. 2d 90 (2004). We now address each of the petitioner's claims in turn.

I

The petitioner first claims that his attorney provided ineffective assistance of counsel in violation of the sixth amendment by failing to make a recommendation on whether to enter a plea. Specifically, the petitioner argues that "[t]he unrebutted evidence on this record is that all [defense counsel] did was to advise the [petitioner] that a plea offer had been made. There was no advice about whether to accept the plea . . . ." The petitioner argues further: "Nothing in the record before the habeas court or this court suggests that [defense counsel] ever made a recommendation to the [petitioner]. As our courts have made clear, counsel has an obligation not merely to report possible consequences of a plea. Counsel also has the duty to make recommendations, to help a defendant understand the evidence against him and the likely outcome of trial." In response,

the respondent commissioner of correction argues: "[The] evidence relied upon by the habeas court demonstrates that the petitioner in fact was advised by counsel of the fact and content of the proposed plea agreement; of counsel's own opinion that the petitioner should not plead guilty to murder; of counsel's view of the alternative options available to the petitioner, and counsel's view of the petitioner's likelihood of success with each; and of the fact that the petitioner himself had to reach a decision about the proposed plea . . . . Such advice is just the kind counsel is supposed to render . . . . Thus, the habeas court's decision that counsel's advice was within the range of reasonable professional assistance comports with the factual record and the law." (Citation omitted.) We agree with the state.

The habeas court found that the petitioner failed to meet his burden of establishing that his counsel had performed deficiently by not discussing with him the option of a plea, finding instead that the record belied the petitioner's claim. The court, after hearing the testimony of the petitioner and reviewing the trial transcripts and exhibits, wrote a well reasoned memorandum of decision. The habeas court focused on the following relevant colloquy between the trial court and the petitioner:

"The Court: All right, Mr. Edwards, your case was discussed with your lawyer, the prosecutor and the court. There was an offer made to you to resolve the case without a trial. That offer was thirty-seven years with a right to argue for less . . . . Is that your understanding of the offer?

"[The Petitioner]: Yes.

"The Court: And your lawyer has told us that you wish to reject that offer and go to trial. Is that correct?

"[The Petitioner]: That's correct."

The habeas court also referred to the petitioner's clear and unambiguous statement made at the habeas trial concerning the trial court's offer of thirty-seven years: "There was nothing to think about. I wasn't going to take the thirty-seven years."

In addition, the habeas court found, on the basis of the record, that trial counsel had written to the petitioner, advising him of the court's offer and the continuance date for acceptance or rejection of that offer. The letter contained the following relevant language: "While I expect to meet with you in the very near future, I want to inform you completely as to what occurred at the pretrial conference . . . . Also, because the issues are somewhat complex, I believe that it will be helpful to you if I set everything down in writing. . . .

\* \* \*

"Once the prosecutor told Judge Espinosa that she intended to stay with murder, the Judge asked if the prosecutor had a recommended sentence. The prosecutor replied that she did not and left it to the court. Judge Espinosa then offered thirty-seven years with the right to argue for less in exchange for a plea to the charge of murder. The case was continued to January 16, 1996, for accept or reject. . . . I am not optimistic that there will be a further reduction [of bond] as the charge continues as murder. . . .

"There is no doubt in my mind that you will be keenly disappointed with this information. Certainly I was when I learned of the prosecutor's position . . . . At the same time you must understand the seriousness of your situation and the difficulty that we face in providing you with the best possible defense. In general there are three basic scenarios:

"The first is your present circumstance where you are charged with murder. To convict you of this crime

the state must prove that you intended to cause the death of the victim. In my opinion they most likely will not succeed with that charge because [two witnesses] contradict the testimony of the persons who testified at the hearing in probable cause. . . . I cannot as your lawyer recommend that you plead to the murder charge but, of course, the final decision must be made by you.

"The second is where either the state reduces the charge to manslaughter or a jury, after trial, convicts you of manslaughter or some other lesser included offense. . . . A conviction under any of these lesser charges could result in a maximum sentence of 40 years and a minimum sentence of one year. In my view a jury is most likely to return a verdict [somewhere] in this general area.

"The third is that you obtain an acquittal after trial based on [self-defense]. . . . While there is a possibility that you could get an acquittal there are several issues that make this, at least in my view, unlikely. . . . Please understand that I am not saying that you cannot get an acquittal. I am saying, however, that I believe it is unlikely."

The petitioner relies on *Boria* v. *Keane*, 99 F.3d 492, 497 (2d Cir. 1996), cert. denied, 521 U.S. 1118, 117 S. Ct. 2508, 138 L. Ed. 2d 1012 (1997), for the proposition that "[e]ffective assistance of counsel includes counsel's informed opinion as to what pleas should be entered." The petitioner argues that trial counsel did not tell him expressly whether he should accept the offer of thirty-seven years, and, that under *Boria*, this failure renders counsel's assistance constitutionally ineffective. We do not agree.

In *Boria*, the United States Court of Appeals for the Second Circuit held that "an attorney had rendered constitutionally deficient assistance to the defendant by failing to discuss with him the advisability of

accepting or rejecting a proffered plea bargain that would have resulted in a prison term of one-to-three years, where the attorney felt it would be 'suicidal' to go to trial and the defendant, after going to trial, received a sentence of 20 years to life." *Roccisano* v. *Menifee*, 293 F.3d 51, 59–60 (2d Cir. 2002). The Second Circuit, in *Purdy* v. *United States*, 208 F.3d 41 (2d Cir. 2000), explained that *Boria* has been misread by some: "Per se rules like the one [the petitioner] advocates—and mistakenly reads into *Boria*—are not well calibrated to gauge the ineffective assistance of counsel." Id., 48. "[W]e think it unwise to read *Boria* to have established a per se rule that defense counsel must always expressly advise the defendant whether to take a plea offer." Id. In *Purdy*, the court held it sufficient that counsel informed his client "fully of the strength of the government's case against him, together with the nature of the government's plea offer, without specifically advising [the client] to take the plea." Id.

"On the one hand, defense counsel must give the client the benefit of counsel's professional advice on this crucial decision of whether to plead guilty. . . . As part of this advice, counsel must communicate to the defendant the terms of the plea offer . . . and should usually inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentences to which he will most likely be exposed . . . . On the other hand, the ultimate decision whether to plead guilty must be made by the defendant. . . . And a lawyer must take care not to coerce a client into either accepting or rejecting a plea offer. . . . Counsel's conclusion as to how best to advise a client in order to avoid, on the one hand, failing to give advice and, on the other, coercing a plea enjoys a wide range of reasonableness because [r]epresentation is an art . . . and [t]here are countless ways to provide effective assistance in any given case . . . . Counsel

rendering advice in this critical area may take into account, among other factors, the defendant's chances of prevailing at trial, the likely disparity in sentencing after a full trial as compared to a guilty plea (whether or not accompanied by an agreement with the government), whether defendant has maintained his innocence, and the defendant's comprehension of the various factors that will inform his plea decision." (Citations omitted; internal quotation marks omitted.) Id., 44–45.

Here, counsel did not fail to offer advice to the petitioner or send him to trial despite thinking that trial would be "suicidal." To the contrary, the record demonstrates that counsel informed the petitioner of his options along with counsel's assessment of those options, and, quite clearly, the petitioner simply was not going to accept the offer of thirty-seven years. The evidence supports the habeas court's conclusion that the petitioner failed to meet his burden of proof that trial counsel provided constitutionally inadequate advice.

## II

Next, the petitioner claims that his attorney provided ineffective assistance of counsel in violation of his rights under the sixth amendment to the United States constitution by failing to conduct an adequate pretrial investigation. Habeas counsel raises several claimed instances meant to demonstrate trial counsel's alleged failure to conduct an adequate pretrial inquiry but fails to provide analysis as to how any of these claimed instances caused prejudice to the petitioner.

"While it is incumbent on a trial counsel to conduct a prompt investigation of the case and explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction . . . counsel need not track down each and every lead or personally

investigate every evidentiary possibility. . . . In a habeas corpus proceeding, the petitioner's burden of proving that a fundamental unfairness had been done is not met by speculation, but by demonstrable realities. . . . One cannot successfully attack, with the advantage of hindsight, a trial counsel's trial choices and strategies that otherwise constitutionally comport with the standards of competence." (Internal quotation marks omitted.) *Torres* v. *Commissioner of Correction*, 84 Conn. App. 561, 566–67, 854 A.2d 97 (2004). Because this court is constrained to evaluating demonstrable realities, we will not engage in mere speculation. Accordingly, we conclude that the petitioner has not met his burden of proof to show that counsel conducted a constitutionally inadequate pretrial investigation.

The judgment is affirmed.

In this opinion the other judges concurred.